HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MEL and ALICE GREEK, husband and wife | CASE NO. C13-5558 RBL |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| PIERCE COUNTY, KARIE HAMILTON, CHRISTIAN FYNBOE, JOSEPH KOLP, and NATHALY KOLP, and their respective marital communities, | (Dkt. #11) |
| and | |
| REAL PROPERTY DESCRIBED AS THAT PORTION OF CERTAIN "WALK", 10 FEET IN WIDTH, LYING BETWEEN A PART OF BLOCK "A" ON THE WEST AND A PART OF BLOCKS 1 AND 2 ON THE EAST IN SECOND WILDARE ADDITION, PIERCE COUNTY, WASHINGTON, AS THE SAME IS RECORDED ON PAGE 44 OF VOLUME 11 OF PLATS ON FILE IN THE OFFICE OF THE PIERCE COUNTY AUDITOR, ETC., | |
| Defendants. | |

THIS MATTER is before the Court on Defendant Pierce County's Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(6). (Dkt. # 11). Plaintiffs Mel and Alice Greek seek to recover

1  damages from the County for violations of the takings clauses of the United States and

2  Washington state Constitutions.

3       At the heart of this case is an argument between the Greeks and the Hamiltons (their

4  neighbors) as to whether a walkway dedicated in 1924 as part of a residential plat was intended

5  to be private or public.  The Hamiltons' (distant) predecessors-in-interest apparently believed

6  that the walk was public and asked Pierce County to vacate (i.e., relinquish) its interest in the

7  walk.  The County did so by passing a vacation ordinance in 1948.  According to the Greeks'

8  Amended Complaint, in 2005, 57 years after the ordinance's passage, the Hamiltons constructed

9  a fence on the walk, thereby obstructing the Greeks' use of a portion of it.  The County's passage

10  of the 1948 vacation ordinance is the sole factual basis for the Greeks' federal and state law

11  takings claims against the County.

12       The Greeks allege that the County never owned an easement in the right-of-way because

13  the walk was dedicated to the common ownership of all the private property owners within the

14  plat.  Regardless of whether this allegation is correct, the mere fact that, at the request of

15  property owners, the County disclaimed any interest it held in the walk through the passing of

16  the vacation ordinance does not give rise to a takings violation under state or federal law.

17       To plead a claim under the Fifth Amendment's Takings Clause, the Greeks must allege a

18  government action that, as a matter of law, amounts to a physical occupation or regulation of

19  their property.  *See Lingle v. Chevron*, 544 U.S. 528, 538 (2005).  The Greeks have done neither.

20  The Greeks have not alleged regulatory action, and they point to nothing in the vacation

21  ordinance that required that they permit physical occupation of the walk by the Hamiltons or any

22  other property owner.

23

24

1    Nor have the Greeks pleaded a viable claim under the Washington Constitution's Takings

2  Clause.  To plead a state takings claim, the Greeks must allege government action that, as a

3  matter of law, either (1) resulted in the acquisition of an interest in their property, (2) regulated

4  the use of their property, or (3) was a public project which caused damage to their property.

5  *Ftizpatrick v. Okanogan County*, 143 Wn. App. 288, 302-303, 177 P.3d 716, 723 (2008).  The

6  Greeks have not alleged any facts to show that any of these situations exists here.  The Greeks do

7  not allege that the County built the fence, or that the County proximately caused its construction.

8  Moreover, the County's vacation ordinance could not have resulted in the acquisition of private

9  property, because a vacation resolution instead *removes* a government-owned easement over

10  private property.  In other words, the vacation resolution did not create a government-owned

11  property interest, it *extinguished* one.

12    The Greeks have not alleged a valid claim for a violation of the takings clause under

13  either federal or state law.  Therefore, the County's Motion to Dismiss is **GRANTED**.[1]

14    IT IS SO ORDERED.

15  Dated this 16th day of September, 2013.

16

17  _____

18  RONALD B. LEIGHTON
   UNITED STATES DISTRICT JUDGE

19

20

21

22

23    [1] The County's Motion also seeks to dismiss quiet title and ejectment claims brought against it by the
   Greeks.  It is unclear whether the Greeks sought to bring these claims against the County or only the other

24  Defendants.  In any case, these claims do not relate to the County, and to the extent that any such claims were made
   against the County, they are also dismissed.

ORDER GRANTING MOTION TO DISMISS - 3